IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21015
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO SANCHEZ, also known as
Martin Alaniz,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-665-3
--------------------
March 13, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Sanchez appeals the district court's denial of his motion to revoke or amend the magistrate judge's pretrial detention order. The order is immediately appealable to this court. See 18 U.S.C. § 3145(c); Fed. R. App. P. 9(a). Absent an error of law, this court must uphold a detention order, or the denial of a motion to revoke a detention order, "if it is supported by the proceedings below." United States v. Reuben, 974 F.2d 580, 586 (5th Cir. 1992)(internal quotation marks and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

citation omitted).  The inquiry on appeal is whether the evidence as whole supports the district court's conclusion.  Id.

Sanchez argues that there is no evidence that he is a flight risk and that the district court thus erred in concluding that no conditions existed which would reasonably assure his presence at trial.  The Government counters that the finding that Sanchez is a flight risk is supported by the record.  It points to the fact that Sanchez used an alias and the fact that undercover agents lost him during surveillance as evidence that Sanchez can be elusive and further asserts that because Sanchez faces a statutory maximum 10-year sentence, he is likely to flee.

The evidence against Sanchez is substantial.  The district court was entitled to consider the activities in which Sanchez was engaged: smuggling illegal Mexican aliens across the border into this country.  Considering Sanchez' involvement in this activity and the contacts he must have to facilitate this activity, using an assumed name and demonstrating skill in avoiding surveillance, we conclude that the record supports the district court's conclusion that Sanchez was a flight risk and that no condition or combination of conditions will assure his appearance.

AFFIRMED.